**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| MD Propertyco, LLC, a Texas limited liability company,<br><br>  Plaintiff,<br><br>vs.<br><br>Mad Dog Saloon AZ, L.L.C., an Arizona limited liability company; Boulder Junction-Greenfield, Inc., a Wisconsin corporation; Thomas Lalicata, an adult individual,<br><br>  Defendants. | No. CV-12-2516-PHX-LOA<br><br>**ORDER** |

This action arises on the Court's review of Plaintiff's Complaint, filed on November 26, 2012 by Texas counsel, Christianne L. Edlund, who has moved for admission *pro hac vice* to represent Plaintiff in the District Court of Arizona per LRCiv 83.1(b)(2). (Docs. 1, 6)

The Complaint violates the District Court of Arizona's civil Rules of Practice ("Local Rules" or "LRCiv") because it was not properly filed in text-searchable format per LRCiv 7.1(c), 5.5(b), and the definition of ".pdf," in the District Court's ECF Manual, at I(A), p. 4. The Court will strike the Complaint without prejudice with leave to file an Amended Complaint. Moreover, Plaintiff alleges federal jurisdiction is predicated, in part, on "28 U.S.C. § 1332 as the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states." (Doc. 1, ¶ 5 at 3) As discussed below, the Complaint's citizenship allegations as to MD Propertyco, LLC, a Texas limited liability company, and

Defendant Mad Dog Saloon AZ, L.L.C., an Arizona limited liability company, are insufficient to establish complete diversity.

**A. Local Rules**

The Ninth Circuit has "explain[ed], yet again, the importance of following the court's local rules. 'District courts have broad discretion in interpreting and applying their local rules.'" *Simmons v. Navajo Cnty*, 609 F.3d 1011, 1017 (9th Cir. 2010) (quoting *Miranda v. S. Pac. Transp. Co.*, 710 F.2d 516, 521 (9th Cir. 1983)). Local rules have "the force of law." *Hollingsworth v. Perry*, 558 U.S. 183, 130 S.Ct. 705, 710 (2010) (quoting *Weil v. Neary*, 278 U.S. 160, 169 (1929)). They "are binding upon the parties and upon the court, and a departure from local rules that affects substantial rights requires reversal." *Professional Programs Group v. Department of Commerce*, 29 F.3d 1349, 1353 (9th Cir. 1994) (internal quotation marks omitted).

The Complaint was not properly filed electronically in text-searchable .pdf format. LRCiv 7.1(c) mandates that "[d]ocuments submitted for filing in the ECF System shall be in a Portable Document Format(PDF)." LRCiv 7.1(c). Compliance with the District Court's electronic filing format and the ECF Manual is not a petty requirement. Improperly filing pleadings, motions, briefs or other documents in non-text searchable format precludes judges, law clerks and adverse counsel from, among others, highlighting a portion of a pleading or brief and copying it onto another document or order. Thus, use of unauthorized formatting forces extremely busy District of Arizona judges, law clerks and adverse counsel to unnecessarily retype portions of a filed document to be quoted or referenced and causes unnecessary delay in the creation of orders and responsive briefs. Compliance with LRCiv 7.1(c) and the ECF Manual by lawyers is not optional.

**B. Citizenship of Limited Liability Companies**

A federal district court is a court of limited jurisdiction, and the burden of establishing jurisdiction is on the party claiming jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction. . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the

1  contrary rests upon the party asserting jurisdiction.") (citations omitted). Here, "Plaintiff has
2  the burden of establishing the Court's jurisdiction." *San Carlos Irrigation and Drainage*
3  *Dist. v. U.S.*, 2005 WL 3434704, at *1 (D. Ariz. Dec. 14, 2005) (citations omitted). "A
4  [district] court has an obligation to inquire *sua sponte* into its subject matter jurisdiction, and
5  to proceed no further if such jurisdiction is wanting." *Feldman v. Allstate Ins. Co.*, 322 F.3d
6  660, 665 (9th Cir. 2003).

7        When there is complete diversity between the parties and the amount in controversy
8  is over $75,000.00, a district court may property assert subject-matter jurisdiction over a case
9  pursuant to 28 U.S.C. § 1332. In cases where entities, like corporations, rather than
10 individuals are litigants, diversity jurisdiction depends on the form of the entity. In
11 *Hertz Corp. v. Friend*, ___ U.S. ___, 130 S. Ct. 1181, 1192 (2010), the Supreme Court held
12 that, for diversity jurisdiction purposes, a complaint or removal notice must allege both the
13 corporation's state of incorporation and location of the principal place of business, which is
14 its "nerve center," *i.e.*, "the place where a corporation's officers direct, control, and
15 coordinate the corporations activities." At the pleading stage and absent unusual
16 circumstances, a party seeking to invoke diversity jurisdiction should affirmatively allege,
17 but need not prove, the actual citizenship of the parties. *Kanter v. Warner–Lambert Co.*, 265
18 F.3d 853, 857 (9th Cir. 2001) ("[I]n a diversity action, the plaintiff must state all parties'
19 citizenships such that the existence of complete diversity can be confirmed.") (citation
20 omitted). The Ninth Circuit has recently established that a complaint that follows the general
21 framework set forth in Form 7(a) in the Appendix of Forms to the Federal Rules of Civil
22 Procedure is sufficient to satisfy Rule 8(a)(1)'s jurisdictional pleading requirement.[1] *Harris*

---

[1] Federal Rules of Civil Procedure Form 7(a) in the Appendix of Forms sets out a proposed format for alleging diversity:

> The plaintiff is [a citizen of Michigan ] [a corporation incorporated under the laws of Michigan with its principal place of business in Michigan ]. The defendant is [a citizen of New York ] [a corporation incorporated under the laws of New York with its principal place of business in New York ]. The amount in controversy, without

- 3 -

1  *v. Rand*, 682 F.3d 846, 850-52 (9th Cir. 2012).

2  For purposes of diversity jurisdiction and unlike corporations, limited liability companies "are analogized to partnerships, which take the citizenship of every general and limited partner. *Lincoln Prop. Co.*, 546 U.S. at 84 n. 1 (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 189 (1990) ("for diversity purposes, a partnership entity, unlike a corporation, does not rank as a citizen; to meet the complete diversity requirement, all partners, limited as well as general, must be diverse from all parties on the opposing side.")); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[E]very circuit that has addressed the question treats [an LLC] like partnerships for the purposes of diversity jurisdiction.") (citations omitted). "We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens." *Id.* A complaint "must expressly identify each member of any limited partnerships, and/or limited liability companies, along with each member's citizenship. Such jurisdictional allegations are necessary for this Court to conclude whether diversity jurisdiction is satisfied." *Liberty Propane, L.P. v. Feheley*, 2006 WL 2553396, at *1 n. 1 (D. Ariz. Aug. 29, 2006).

"Diversity jurisdiction is based on *citizenship*, not residency." *Kalinowski v. Davol, Inc.*, 2006 WL 2615894, at *2 (D. Ariz. Sept. 11, 2006 ) (emphasis in original). "To be a citizen of a particular state, a natural person must both be a citizen of the United States and be domiciled within that state." *Id.* (citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989)). "A person's domicile is his or her permanent home, where he or she resides with the intention to remain or to return." *Id.* (citing *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986)). A person residing in a given state, however, is not necessarily domiciled there, and is not necessarily a citizen of that state. *Kanter*, 265 F.3d at 857.

On the Court's own motion and because the Clerk of Court is not authorized to strike

---

interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332. Fed.R.Civ.P. Form 7(a) (2007) (brackets in original).

- 4 -

1 a non-conforming pleading or filing, Rule 5(d)(4), Fed.R.Civ.P.,

2 **IT IS ORDERED** that Plaintiff's Complaint, doc. 1, is hereby **STRICKEN** without
3 prejudice. If Plaintiff timely and fully complies with this Order, Plaintiff's Amended
4 Complaint shall relate back to its initial filing date pursuant to Rule 15, Fed.R.Civ.P. If
5 Plaintiff elects to base jurisdiction on 28 U.S.C. § 1332, the Amended Complaint must
6 expressly identify each member of each limited liability company, along with each member's
7 citizenship.

8 **IT IS FURTHER ORDERED** that Plaintiff may file an Amended Complaint on or
9 before **Monday, December 10, 2012** which shall comply in all respects with this Order and
10 the District Court's Local Rules.

11 **IT IS FURTHER ORDERED** that counsels' pleadings, motions, memoranda, or
12 other filings in this case shall be created via personal computer with a word processing
13 application, *e.g.*, Microsoft Word® or Corel WordPerfect®, then converted to portable
14 document format (.pdf). *See* LRCiv 7.1(c) and definition of ".pdf", ECF Manual, at I(A),
15 p. 4. ("[E]lectronic documents must be converted to .pdf directly from a word processing
16 program (e.g., Microsoft Word® or Corel WordPerfect®) and must be text searchable.").
17 Such filings shall not be printed to paper and then scanned and saved as portable document
18 format (.pdf). Documents which exist only in paper form, like exhibits or certain attachments
19 to pleadings may, however, be scanned from a paper copy and saved in a portable document
20 format (.pdf).

21 **IT IS FURTHER ORDERED** that counsel shall hereinafter comply with the Rules
22 of Practice for the United States District Court for the District of Arizona, as amended on
23 December 1, 2012. The District's Rules of Practice may be found on the District Court's
24 internet web page at www.azd.uscourts.gov/. All other rules may be found at
25 www.uscourts.gov/rules/. Counsel are also reminded of the certification to comply with the
26 Local Rules and Standards of Professional Conduct with admission to practice *pro hac vice*
27 in this District Court. The Standards of Professional Conduct are located on the District's
28 website, click on link "Attorney Information," and then click on link "Attorney Admissions

1  Information."

2  Dated this 28th day of November, 2012.

Lawrence O. Anderson<br>United States Magistrate Judge